ACCEPTED
04-14-00655-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/9/2015 1:09:38 PM
KEITH HOTTLE
CLERK

04-14-00655-CV

VICTOR and IVARENE HOSEK

*Appellant*

V.

ROSALE SCOTT

*Appellees*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

01/9/2015 1:09:38 PM

KEITH E. HOTTLE
Clerk

ON APPEAL TO THE FOURTH COURT OF APPEALS

FROM THE 81st JUDICIAL DISTRICT COURT

TRIAL CASE NO. 2011-53723

## RESPONSE TO APPELLEE ON THE MOTION FOR EXTENSION OF TIME
## TO FILE APPELLANTS' BRIEF

**TO THE HONORABLE COURT OF APPEALS:**

Counsel truly is swamped with work due to unpredictable delays in getting reporters' records in various cases filed, so this will be brief:

1. Counsel was not at fault in delaying the production of a record and it is improper that Appellee suggest that she prepare the brief without the record. She did not have the trial attorneys' file and counsel for appellee will have the benefit of the record;

2. Appellee has no justification for suggesting that Appellant go without important procedural steps such as a motion for new trial to preserve error on attorneys' fees or, again, begin researching or writing her brief without aid of the record to know what the issues are;

3. Whether Ms. Scott is currently receiving royalties is irrelevant: Counsel is working on a contingent fee basis, so money is not preventing her from getting zealous representation, and the supersedeas deposit was calculated to handle any delay in her getting payments during this period. The Hoseks are only receiving payment that are not at issue in this court case – repeat: NOT AT ISSUE IN THIS CASE;

4. A huge block of time after receipt of the record was taken up because Appellee chose to challenge a properly-set supersedeas first at the trial court level and then at this appellate court level. Because net worth and substantial harm exceptions were being argued by the Hoseks, counsel had to work with her clients, "hands on", to put together receipts for **every** expense the Hoseks have paid during the last year – checks, receipts, stamped copies, day-by-day logs and more, for three hundred and sixty-five days – and work with them on getting proof for immediately needed repairs, including getting proof that the repair was needed and getting detailed estimates of the repair's cost. Work on earlier-filed cases and work on this case was brought to a grinding halt for

literally weeks. All just to keep the benefit of a **properly set** supersedeas. If counsel were not so adamantly opposed to filing motions for sanctions except in the most grievous cases, Appellants would have filed a motion for sanctions for filing of a frivolous pleading. There was no basis for challenging a **properly-set** supersedeas.

5. Once Appellants won this challenge, counsel had to go back, first to the older appeals she was working on, which would have been complete or almost complete, had not the Hoseks faced this unnecessary challenge. She could not, thanks to the challenge, even resume her work on this case, due to the persistent presence of the older appeals. Again, counsel had not "loaded herself down" with too many appeals to make more money. The existence of this many appeals on her docket is due to the fact that every single appeal she has taken in the last year has had unprecedented delays in the record being filed – delays that were **not** counsel's fault but which led to a "pile up". It is not appropriate for Appellee's counsel to suggest that this counsel ask for ninety-day extensions on the older appeals, simply to get this appeal done within thirty days.

6. Counsel does not believe that she could get this brief done in thirty days even if all older appeals were thrown to the wayside. The research that needs to be done in this case does not involve a few speedy LEXIS searches. Counsel has

already done those. Research in poorly-indexed, multi-volume treatises is required. The exact wording of a deed is relevant to this case. Appellants are entitled to have adequate time spent on their case. And this is the **first request** Appellants have made for an extension of the time for filing this brief.

7. Finally, the vitriolic and personal attack[1] with which counsel for Appellees has pursued this case – even making an issue of whether attorneys' fees are included in a supersedeas when the Supreme Court had just decided that issue – has slowed the progress of this case down. Counsel for Appellants has managed to respond with decorum, but has had to construct arguments to counter the unnecessary ones as well as the appropriate ones. Pure animosity on one side of the bar should not decide whether the Hoseks get a fair hearing with the counsel of their choice[2] handling the case.

## CONCLUSION & PRAYER

The reason for this extension is not for delay but so that justice may be done. Even an extension of thirty days would be inadequate because that would leave less

---

[1] For example, allowing their argument to suggest that counsel was responsible for the late record, when nothing could be further from the truth.

[2] While I am not board certified, I was not a random choice. My work at Amoco Production Company prior to my law career included land title work, and I spent many years in an "oil and gas family", in which I ran drillsite title. I received a high grade in Advanced Oil and Gas law in law school and I have worked as an appellate attorney for approximately twenty-two years. My work has included winning multi-million-dollar oil and gas cases. If Appellee suggests that I should "dump" this case, or any of my other cases, it would be an improper suggestion.

than one week each for completion of fairly complex appeals. Counsel did not engage in poor planning, rather, the filing of the records took unpredictably long in several cases which counsel anticipated to have long ago finished. Appellants ask this Court for an extension of sixty-days of the deadline to file their brief, until March 9, 2015.

WHEREFORE, PREMISES CONSIDERED, APPELLANTS ask this Court to extend the deadline for filing their Brief sixty days until March 9, 2015, and for such other and further relief as may be just.

Respectfully submitted,

_____/s/ MB CHIMENE_____

THE CHIMENE LAW FIRM
Michele Barber Chimene
TBN 04207500
15203 Newfield Bridge Ln.
Sugar Land, TX. 77498
PH: (713) 474-5538; no fax
michelec@airmail.net

CERTIFICATE OF CONFERENCE

Appellants' counsel has contacted Raquel Perez, counsel for Appellee, who consulted with lead counsel Wade Caldwell and she replied that they would oppose any extension longer than a week.

_____/s/ MB CHIMENE_____

<u>CERTIFICATE OF SERVICE</u>

A true and correct copy of this Motion for Extension has been served on counsel for Appellees, Wade Caldwell and Raquel Perez, One Riverwalk Place, Ste. 1825, 700 North St. Mary's, San Antonio, Texas 78205 on January 9, 2015 by ECF and email.

_____/s/  MB CHIMENE_____